Shane A. MacIntyre
BROWN LAW FIRM, P.C.
269 W. Front Street, Suite A
Missoula, MT 59802
Tel (406) 830-3248
Fax (406) 830-3745
smacintyre@brownfirm.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ASPEN AMERICAN INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>WAGNER & LYONS, PLLC (f/k/a SULLIVAN, WAGNER & LYONS, PLLC); NATHAN WAGNER, ZANE SULLIVAN, JENNA LYONS, ARGO GROUP US, INC., JON WILLIAMS, DARRELL LEE CONSTRUCTION, LLC, MADDUX REAL ESTATE GROUP, INC., DAWN MADDUX, RALEIGH WARD, AND SUPERIOR HARDWOODS AND MILLWORK, INC., d/b/a GRIZZLY FLOORING INSTALLATION.<br><br>Defendants. | Cause No.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff, Aspen American Insurance Company ("Aspen"), by and through

its attorneys, Brown Law Firm, P.C., and for its Complaint for Declaratory

Judgment, alleges as follows:

1

1. This is a claim for relief brought by Aspen under Montana's Uniform Declaratory Judgment Act seeking a declaration that Aspen does not owe a duty of defense or indemnity to Wagner & Lyons, PLLC (f/k/a Sullivan, Wagner & Lyons, PLLC) ("Wagner Firm"); Nathan Wagner ("Wagner"); Zane Sullivan ("Sullivan"); and, Jenna Lyons ("Lyons") pursuant to a policy, and a renewal policy of insurance issued to the Wagner Firm by Aspen.

2. Aspen seeks a declaration from this Court rescinding the contracts of insurance identified as Lawyers Professional Liability Policy Number LPP00399-01 (attached hereto as Exhibit 1) and renewal policy identified as LPP00399-02 (attached hereto as Exhibit 2) ("Aspen Policy" or "Aspen Policies").

3. Alternatively, Aspen seeks a declaration from this Court that Aspen has no obligation to defend or indemnify the Wagner Firm, Wagner, Sullivan or Lyons relating to the claim made pursuant to the sanction Orders issued in the lawsuit known as *James Kent Roberts and Susan Roberts v. Jon Williams; Darrel Lee Construction, LLC; Maddux Real Estate Group, Inc.; Dawn Maddux; and Raleigh Ward; Darrell Lee Construction LLC v. Superior Hardwoods and Millwork, Inc. d/b/a Grizzly Flooring Installation* ("Roberts Action" or "Underlying Action") filed in Montana Fourth Judicial District Court, Cause No.: DV-18-109.

## PARTIES

4. At the commencement of this action, Aspen American Insurance Company is a Texas corporation.

5. Wagner Legal, PLLC, f/k/a Wagner & Lyons, PLLC, f/k/a Sullivan, Wagner & Lyons, PLLC is a Montana professional limited liability corporation.

6. Nathan Wagner is a Montana citizen and a partner in the Wagner Firm.

7. Zane Sullivan is a Montana citizen and a former attorney with the Wagner Firm.

8. Jenna Lyons is a Montana citizen and a former attorney with the Wagner Firm.

9. Jon Williams is a Montana citizen.

10. Darrell Lee Construction, LLC was a Montana Corporation that was involuntarily dissolved in 2016. Its registered agent was Jon Williams.

11. Maddux Real Estate Group, Inc. is a Montana Corporation, active and in good standing. Its registered agent is Dawn Maddux.

12. Dawn Maddux is a Montana citizen.

13. Raleigh Ward is a Montana citizen.

14. Superior Hardwoods and Millwork, Inc., d/b/a Grizzly Flooring Installation is a Montana corporation. Its registered agent is John Medlinger.

15. Argo Group US, Inc. is a Delaware corporation.

## JURISDICTION AND VENUE

16. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a), as this action is between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of costs and interest.

17. Venue is proper under 28 U.S.C. § 1391, as all Defendants, except Argo Group US, Inc., are residents or corporations in Montana. Defendant Argo Group US, Inc. is a Delaware corporation. The events or omissions giving rise to the claim occurred in the District of Montana, Missoula Division.

18. There is an actual controversy over insurance coverage pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57.

19. Jon Williams, Darrel Lee Construction, LLC, Maddux Real Estate Group, Inc., Dawn Maddux, Raleigh Ward, Superior Hardwoods and Millwork, Inc. d/b/a Grizzly Flooring Installation are parties the above-referenced underlying district court action, and as such, are interested parties to this action for declaratory judgment.

## FACTUAL BACKGROUND

20. Nathan G. Wagner, as an owner, partner, principal, officer, or member and on behalf of Sullivan, Wagner & Lyons, PLLC, completed a Lawyers Professional Liability New Business Application, Aug. 13, 2020 ("Application"), attached as Exhibit 3. Said Application to Aspen did not disclose the potential claim of Superior.

4

21. Nathan G. Wagner, as an owner, partner, principal, officer, or member and on behalf of Sullivan, Wagner & Lyons, PLLC, completed a Lawyers Professional Liability Renewal Application, Aug. 19, 2021 ("Application"), attached as Exhibit 4.  Said renewal Application to Aspen did not disclose the potential claim of Superior.

22. Aspen issued a policy of insurance to Wagner Firm, policy number LPP00399-01.  The Aspen Policy is a claims-made and reported policy, issued for the August 21, 2020 to August 21, 2021 policy period. The Aspen Policy has a retroactive date of August 21, 2020.   *See* Exhibit 1:  Aspen Policy.

23. Aspen issued a renewal policy of insurance to Wagner Firm, policy number LPP00399-02.  The Aspen Policy is a claims-made and reported policy, issued for the August 21, 2021 to August 21, 2022 policy period.  The Aspen Policy contains a Predecessor Firm Endorsement naming Sullivan, Wagner & Lyons, PLLC as a predecessor firm.  The Aspen Policy has a retroactive date of August 21, 2020.  *See* Exhibit 2:  Aspen Renewal Policy

24. The rights and obligations under the Aspen Policy between the insured, Wagner Firm, including Aspen's duties to defend and indemnify the Wagner Firm, or rather, lack thereof, is the basis for this Declaratory Complaint.

25. The Underlying Action that potentially implicates the parties' rights under the Aspen Policy was filed in Montana Fourth Judicial District Court, Cause No.: DV 18-109.

26. On January 29, 2018, James Kent Roberts and Susan Roberts ("Roberts") filed a Complaint against Jon Williams ("Williams"), Darrell Lee Construction, LLC ("DLC"), Maddux Real Estate Group, Inc., ("MREG") Dawn Maddux ("Maddux") and Raleigh Ward ("Ward"). This matter arises out of a construction defect to a house in Missoula, Montana.

27. On March 14, 2018, Williams, DLC, MREG, Maddux and Ward filed a Counterclaim against Roberts.

28. On August 16, 2018, DLC, through its counsel, Sullivan and Wagner of Datsopoulos, MacDonald & Lind, P.C., DLC filed a Third-Party Complaint against Superior Hardwoods and Millwork, Inc. d/b/a Grizzly Flooring Installation ("Superior"). DLC sought an order determining Superior was liable for damages awarded to the Roberts; and that Superior was liable for attorney's fees and costs incurred by DLC in defending the Roberts' claims.

29. On or about June 22, 2021, Superior filed a Motion for Summary Judgment and Dismissal on DLC's indemnification claim and for attorney's fees and costs, arguing the indemnification claims should be dismissed. Superior asserted that the indemnification claims should be dismissed as the Roberts were not alleging that Superior caused their damages, thus precluding an indemnity claim by DLC for its own alleged damages. Superior argued that DLC, with Superior's knowledge, spoliated evidence when it directed Superior to sand the flooring at issue in March 2018. In its motion, Superior alleged that DLC "**and its**

**counsel**" had unclean hands. (Emphasis added). Pursuant to its June 2021 motion, Superior sought an order awarding, jointly and severally, against defendants "and their counsel" Superior's costs, expenses and attorney's fees incurred in defending against the third-party action including sanctions for spoliation of evidence. Exhibit 5: Mot. Summ. J. and Br. Support, June 22, 2021 (Dkts. 199-200).

30. On or about September 27, 2021, the Court granted Superior's Motion for Summary Judgment and awarded Superior its fees and costs. Exhibit 6: Order (Dkt. 261) ("Order re: Summ. J.")

31. In response to a Motion for Clarification, on or about March 29, 2022, the Court issued an updated Order. The Court found that Wagner Firm, along with Maddux defendants, are jointly and severally liable for sanctions, attorney's fees, costs, and expenses awarded to Superior as Wagner Firm tried to "maliciously coerce" Superior into settlement on November 18, 2019, and again on December 17, 2019, and Wagner Firm and DLC directed Superior to re-sand the flooring at issue with full knowledge of their duty to preserve evidence. The Court noted its "inherent power to levy sanctions to curb abusive litigation practices." Exhibit 7: Order at 10, (Dkt. 336) ("Clarification Order").

32. On or about August 4, 2022, the Court issued an Order Regarding Attorney's Fees and Costs; Order Granting Superior's Motion to Quash; and Denying Wagner & Lyons Rule 60(b) Motion for Relief (Dkt. 378). Exhibit 8: Order Regarding Attorney's Fees and Costs; Order Granting Superior's Motion to

Quash; and Denying Wagner & Lyons Rule 60(b) Motion for Relief (Dkt 378) ("Order Re: Attorney Fees").

33. The Court's Order of August 4, 2022, ordered that Superior was awarded $532,662.35 in attorney fees and costs. *See* Exhibit 8 at 10.

34. For purposes of the Aspen Policy, the Wagner Firm's claim was "first reported" pursuant to an email dated March 29, 2022, and letter dated March 22, 2022 received by Aspen on March 30, 2022, notifying Aspen of a claim that Superior asserted against Wagner, Sullivan and Wagner Firm. On or about March 29 and 30, 2022, Aspen also received various pleadings relative to Superior's Motion for Summary Judgment.

35. Wagner firm was on notice of the claim against it and the firm's attorneys on or before June 22, 2021. On that date, Superior filed its Motion for Summary Judgment which was not reported to Aspen at any time during the policy period.

## POLICY INFORMATION

36. The Aspen Policies, attached and identified as Exhibits 1 and 2, contain the following relevant provisions:

I. **INSURING AGREEMENTS**

A. **Coverage**

> The **Company** will pay on behalf of the **Insured** all sums in excess of the deductible that the **Insured** shall become legally obligated to pay as **damages** and **claim expenses** *as a result of a **claim** first made against the*

8

> *Insured* and reported in writing to the **Company** during the *policy period* or the **extended reporting period** (if applicable), by reason of an act or omission, including **personal injury**, in the performance of **professional services** by the **Insured** or by any person for whom the **Insured** is legally liable…
>
> \* \* \*
>
> 2.  *Neither the act or omission nor any **related act or omission** occurred prior to the **retroactive date**, if applicable.*

Exhibit 1 at 10; Exhibit 2 at 4. (*Italicized* emphasis added.)

### III. DEFINITIONS

\* \* \*

> B.  ***Claim** means a demand for money or services, naming the **Insured**, arising out of an act or omission in the performance of **professional services**.* A **claim** also includes the service of suit, a request that an **Insured** waive a legal right or sign an agreement to toll a statute of limitations, or the institution of an arbitration proceeding against the **Insured**.

(*Italicized* emphasis added).

\* \* \*

> E.  **Damages** means any *compensatory sum* and includes a judgment, award or settlement, provided any settlement is negotiated with the **Company's** written consent.
>
>   **Damages** *do not include*:
>
>   1.  The return, reduction or restitution of fees, expenses or costs for **professional services** performed, or to be performed, by the **Insured** and injuries that are a consequence of the foregoing;
>
>   2.  *Fines, penalties, forfeitures or sanctions*;
>
>   3.  The multiplied portion of any multiplied awards;
>
>   4.  Injunctive or declaratory relief; or
>
>   5.  Punitive or exemplary damages.

(*Italicized* emphasis added.)

\* \* \*

9

 **H.** **Insured** means:

  1. The **Named Insured**;

  2. Any **predecessor firm**;

  3. Any past, present or future partner, incorporated partner, officer, director, stockholder, member, manage, associate, independent contractor, professional corporation, employee, or "of counsel" of the Named Insured, but only with respect to **professional services** performed on behalf of the **Named Insured** or any **predecessor firm**.

* * *

 **K.** **Policy Period** means the period of time from the effective date shown in item 3. of the Declarations to the earliest of the date of termination, expiration or cancellation of this policy.

* * *

 **N.** **Professional services** means services performed by the **Insured**:

  **1.** For a client in the **Insured's** capacity as a lawyer in good standing, mediator, arbitrator, notary public, lobbyist or hearing officer…

 **O.** **Related acts or omissions** means all acts or omissions in the rendering of **professional services** that are temporally, logically or causally connected by any common fact, circumstance, situation, transaction, event, advice, or decision.

 **P.** **Related claims** mean all **claims** arising out of a single act or omission or arising out of **related acts or omissions**.

 **Q.** **Retroactive date** means the date shown in Item 8. of the Declarations, on or after which any act or omission must have occurred for coverage to apply.

Exhibit 1 at 13-15; Exhibit 2 at 7-9.

* * *

**IV.** **EXCLUSIONS**

The **Company** will not defend or pay any **claim**:

A.  Based on or arising out of any dishonest, intentionally wrongful, fraudulent, criminal or malicious act or omission by the **Insured**. The **Company** will provide the **Insured** with a defense of such **claim** unless and until such dishonest, intentionally wrongful, fraudulent, criminal or malicious act or omission has been determined by any final adjudication, finding of fact or admission by the **Insured**. Such defense will not waive any of the **Company's** rights under this policy. Upon establishment that the dishonest, intentionally wrongful, fraudulent, criminal or malicious act or omission by the **Insured** was committed, the **Company** will have the right to seek recovery of the **claim expenses** incurred from the **Insured** found to have committed such acts or omissions.

This exclusion shall not apply to those Insureds who did not personally participate or personally acquiesce in or remain passive after having knowledge of such conduct. Each **Insured** must promptly comply with all provisions of this policy upon learning of any concealment;

Exhibit 1 at 15-16; Exhibit 2 at 9-10.

\* \* \*

## V.   CONDITIONS

A.  Reporting of Claims and Potential Claims

1.  The **Insured**, as a condition precedent to the obligation of the **Company** under this policy, will give written notice of any **claim** made against the **Insured** as soon as reasonably practicable.

2.  If during the **policy period**, any **Insured** becomes aware of any act or omission which may reasonably be expected to be the basis of a **claim** against any **Insured**, including but not limited to any notice, advice or threat, whether written or verbal, that any person or entity intends to hold the **Insured** responsible for any alleged act or omission and gives written notice to the **Company** with a full particulars, including:

11

> a. The specific act or omission;
>
> b. The dates and persons involved;
>
> c. The identity of anticipated or possible claims;
> d. The circumstances by which the **Insured** first became aware of the potential claim; and
>
> e. Potential damages or injury;
>
> Then any **claim** that is subsequently made against the **Insured** arising out of such act or omission will be deemed to have been made on the date such written notice was received by the **Company**.
>
> The **Insured** shall give all written notices to the **Company** under this Condition V.A.1 and V.A.2. as specified in Item 7. of the Declarations. If notices are mailed or e-mailed, the date of mailing or e-mailing of such notice will constitute the date such notice was given and proof of mailing or e-mailing to the stated address shall be sufficient proof of notice.

Exhibit 1 at 17; Exhibit 2 at 11.

* * *

**N.     ENTIRE CONTRACT**

> By acceptance of this policy the **Insured** warrants that:
>
> 1. All of the information and statements provided to the **Company** by the **Insured**, including but not limited to, the application and any supplemental information, are true, accurate and complete and will be deemed to constitute material representations made by the **Insured**;
>
> 2. This policy is issued in reliance upon the **Insured's** representations;
>
> 3. This policy, endorsements, thereto, together with the completed and signed application, and any and all supplementary information and statements provided by the **Insured** to the

12

>Company, embody all of the agreements existing between the **Insured** and the **Company** and shall constitute the entire contract between the **Insured** and the **Company**; and
>
>4. Any material misrepresentation or concealment by the **Insured**, or the **Insured's** agent, will render the policy null and void and relieve the **Company** from all liability herein.

Exhibit 1 at 19-20; Exhibit 2 at 13-14.

## COUNT ONE

### Declaratory Judgment

### (Rescission)

37. Aspen re-pleads and incorporates by reference the allegations set forth in paragraphs 1 – 36 above.

38. Aspen requests the Court determine the rights, obligations, and responsibilities of the parties under the Aspen Policies pursuant to Mont. Code Ann. §§ 27-8-201 et seq., with respect to contracts of insurance between Aspen, Wagner Firm, Sullivan, Wagner, and Lyons.

39. Aspen requests the Court declare that the contracts of insurance between Aspen, Wagner Firm, Sullivan, Wagner, and Lyons, be rescinded because:

   a. The claim was not disclosed in the Wagner Firm's Application for Insurance or the Renewal Application;

   b. The information and statements provided to Aspen by Wagner, including but not limited to, the Application and any supplemental information, was not true, accurate or complete;

    c.      Wagner made material misrepresentations and concealments in his Application and supplemental Application for insurance;

    d.      Wagner concealed information and potential claims on his Application and supplemental Application for insurance with Aspen;

    e.      Aspen relied upon Wagner's Application and supplemental Application when it issued insurance policies to the Wagner Firm;

40. Aspen requests the Court declare the contracts of insurance with Wagner Firm, Wagner, Sullivan, and Lyons be null and void and to relieve Aspen from all liability.

41. Aspen requests the Court to declare that Aspen is entitled to reimbursement and/or recoupment from Wagner Firm, Sullivan, Wagner, and Lyons for defense costs and fees related to defending them in the underlying matter.

42. Aspen requests the Court to declare that Aspen may rescind the Aspen Policies and declare that said Policies are cancelled, made void, and no other claims may be made to Aspen by Wagner Firm, Sullivan, Wagner, or Lyons under the Aspen Policies.

## COUNT TWO
**Declaratory Judgment**
**(Claim Excluded – No duty to defend or indemnify)**

43. Aspen re-pleads and incorporates by reference the allegations set forth in paragraphs 1 – 42 above.

44. Aspen requests the Court determine the rights, obligations, and responsibilities of the parties under the Aspen Policies pursuant to Mont. Code Ann. §§ 27-8-201 et seq., with respect to contracts of insurance between Aspen, Wagner Firm, Sullivan, Wagner, and Lyons.

45. Aspen requests the Court declare that Aspen has no obligation to defend or indemnify the Wagner Firm, Sullivan, Wagner, or Lyons of any claim made by the Defendants because:

    a. The claim was not first made *and* reported in writing during the Aspen policy period;

    b. The claim is not a covered claim under the Aspen Policy;

    c. The claim for payment of sanctions pursuant the Court's Order is specifically excluded under the Aspen Policy;

    d. The claim may be covered by other insurance, specifically the policy issued to Datsopoulos, MacDonald & Lind, P.C. by Argo;

    e. The Wagner Firm, Sullivan, Wagner, and Lyons had notice of this claim *prior* to the policy effective date; and

    f. Any other appropriate basis in the Aspen Policies or under Montana law as documented in discovery.

**WHEREFORE**, Aspen requests the following relief by way of declaratory judgment:

1) That the Aspen Policies be rescinded and are declared null and void;

2) An order declaring that Wagner Firm, Sullivan, Wagner or Lyons are obligated to reimburse Aspen for defense costs and fees incurred;

3) That Aspen reimburse Wagner Firm, Wagner, Sullivan and Lyons the premiums paid for the Policies being rescinded;

4) In the alternative, that this Court fully and finally adjudge the rights of the parties under the Aspen Policies pursuant to Montana law and Mont. Code Ann. §§ 27-8-201, et seq., declaring that Aspen has no duty to defend or indemnify the Wagner Firm, Sullivan, Wagner or Lyons under the Aspen Policies for the underlying claim;

5) For its costs of suit; and

6) For such other declaratory relief as the Court deems just and equitable under the circumstances.

## **DEMAND FOR JURY TRIAL**

Aspen hereby requests a trial by jury of all issues so triable.

DATED this 8th day of September, 2022.

                        BROWN LAW FIRM, P.C.

                        /s/ Shane A. MacIntyre
                        *Attorneys for Plaintiff*